# Richmond

## George Delano Woodson v. Commonwealth of Virginia.

October 12, 1970.

Record No. 7280.

Present, All the Justices.

*Donald G. Pendleton; Richard S. Pendleton,* for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Cochran, J., delivered the opinion of the court.

George Delano Woodson, the defendant, was indicted for the murder of his wife, Yvonne. A jury tried and convicted him of murder in the second degree and fixed his punishment at imprisonment for ten years in the penitentiary. From the judgment of the trial court sentencing him in accordance with the verdict we granted Woodson a writ of error.

In his assignments of error Woodson contends that his conviction should be reversed because (1) it was obtained in violation of his

rights under the Sixth Amendment to the United States Constitution and under §§ 19.1-241.1 through 19.1-241.6 of the Code of Virginia and (2) it was contrary to the law and the evidence.

The evidence was uncontradicted that Mrs. Woodson was shot by her husband in their home in Amherst County at about 2:00 a.m. on Sunday, April 14, 1968, Woodson's defense being that the shooting was accidental. The local rescue squad, when called at Woodson's request, asked for police assistance, and Deputy Sheriff B. W. Bailess arrived soon after the shooting to investigate. He found Mrs. Woodson lying on her living room floor, still alive but seemingly in a state of shock. Removed by ambulance to Lynchburg General Hospital she died there about two hours later.

When Deputy Bailess inquired of him about the weapon with which Mrs. Woodson was shot, Woodson went into another room and brought to Bailess a six-shot, .22-caliber pistol, from which four shots had been fired. As the pistol was not an automatic, the trigger had to be released after each firing before another shot could be fired.

Deputy Bailess drove Woodson to the hospital and, after warning him of his constitutional rights, took a statement there from Woodson which the latter signed at about 3:15 a.m. This statement, read to the jury by Deputy Bailess, was to the effect that Woodson had come home late and found his wife drinking, got his pistol from a shelf in the bedroom and accidentally shot her twice when she grabbed his right hand.

The Medical Examiner and Sheriff M. S. Bryant, in examining Mrs. Woodson's body after her death, found that she had been shot three times. The same day, April 14th, Woodson was arrested and charged with the murder of his wife.

The next day Sheriff Bryant, after advising him of his constitutional rights, took a statement signed by Woodson, similar to his first statement, which was also read to the jury. In it Woodson stated that his wife had grabbed his hand and the gun "and the gun went off, twice." The Sheriff testified that Woodson explained that he was carrying the pistol to his car to lock it in the trunk so he "couldn't get killed or kill anyone else."

Finally, on the evening of April 16th Woodson, after having been warned a third time, gave another statement to Sheriff Bryant in which he described the shooting as follows:

". . . I was going to take the pistol and try to scare her. I walked into the middle room and she was at the door. I held the

gun up so that she could see it; and asked her if she was going to stop drinking. She said, no, that she was going to drink as much as she wanted to. I lost control of myself and started shooting. I didn't stop until she fell against the wall and slid to the floor. I suddenly realized that I had done shot her. I dropped the gun and went to get help."

It is this third unsigned statement of Woodson's, also read to the jury by Sheriff Bryant, of which Woodson complains.

The record shows that Woodson was warned of his constitutional rights, as required by *Miranda* v. *Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), before making the statement. It also shows that he not only understood the warnings but that he freely and voluntarily gave the statement. Woodson maintains, however, that Code § 19.1-241.2, as amended in 1966, specified the manner in which the right to counsel under the Sixth Amendment to the Constitution of the United States and the privilege against self-incrimination under Section 8 of the Constitution of Virginia are to be enforced. He contends that protection of his constitutional rights required compliance with this statute, which reads as follows:

"§ 19.1-241.2. *When such person to be brought before court not of record and informed of right to counsel and amount of bail; affording opportunity to employ counsel or execute statement of indigence.*—Every person charged with the commission of a felony not free on bail or otherwise shall be brought before the judge of a court not of record on the first day on which such court sits after the person is charged. At this time, the judge shall inform the accused of his right to counsel and the amount of his bail. The accused shall be allowed a reasonable opportunity to employ counsel of his own choice or if appropriate, the statement of indigence provided for in § 19.1-241.3 of the Code shall be executed."

Evidence introduced at the hearing conducted by the trial court on Woodson's motion to set aside the jury verdict shows that there was a failure to comply with the provisions of § 19.1-241.2.[1] Such failure, Woodson contends, rendered inadmissible the third statement given by him to Sheriff Bryant. But the question of the admissibility of the statement is not properly before us.

---

[1] After Woodson's arrest the Amherst County Court first sat on Tuesday morning, April 16th, when Woodson could have been brought before it, but he was not brought before that court until its next sitting on April 23rd.

■ The record shows that after the first and second statements, both signed, had been read to the jury Sheriff Bryant was asked if Woodson had given another statement. At this juncture counsel for Woodson objected to the two signed statements because they had not been introduced as exhibits, and this objection was overruled. The Sheriff then explained why he took another statement from Wood-, son: "He had been shown rather graphically that it would be impossible to fire a pistol such as this, while someone else was holding onto it."

When Woodson's counsel interposed "I object to this, Your Honor", the court inquired if the statement had been taken in the Sheriff's office and was informed that it had been. Without further objection the statement was read to the jury. No reason was assigned for the original objection and no ruling thereon was made by the court. Thus, there was a failure to comply with Rule 1:8, which requires that the ground of objection be stated with reasonable certainty. If the ground is not so stated the objection will not be considered by us except for good cause shown or to enable us to attain the ends of justice. This rule is applied in order that the trial judge may rule intelligently and avoid unnecessary appeals, reversals and mistrials. *See Reil* v. *Commonwealth*, 210 Va. 369, 372, 171 S. E. 2d 162, 164 (1969).

While it is true that in *Cooper* v. *Commonwealth*, 205 Va. 883, 140 S. E. 2d 688 (1965) we applied the exception to Rule 1:8 and considered the admissibility of evidence to which proper objection had not been made in the trial court, our ruling was specifically restricted to the peculiar facts of that case. There, the defendant had been indicted and was represented by counsel when the inculpatory statement in question was taken without his counsel being present. Finding no such compelling circumstances in the present case to cause us to apply the exception rather than the rule we decline to do so.

■ At the conclusion of the Commonwealth's case Woodson's counsel moved to strike the evidence and for the first time argued that the third statement was inadmissible because of non-compliance with the requirement of § 19.1-241.2. This was too late.

A litigant may not, in a motion to strike, raise for the first time a question of admissibility of evidence. Such motions deal with the sufficiency rather than the admissibility of evidence. Here, having failed to raise proper objection to the admissibility of the inculpatory statement, either before trial or when it was read to the jury, Woodson

waived his objection. The statement was, therefore, properly before the jury. *William Poole* v. *Commonwealth*, 211 Va. 258, 176 S. E. 2d 821, this day decided. *See Henry* v. *Commonwealth*, 211 Va. 48, 175 S. E. 2d 416 (1970).

As there was ample evidence to support the jury verdict the judgment entered thereon will not be disturbed.

*Affirmed.*