COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Felton and Haley
Argued by teleconference


TELLO J. ANGELINA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1852-04-2              JUDGE WALTER S. FELTON, JR.
                                                           JUNE 14, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

Denis C. Englisby (Margaret Ann Englisby; Englisby, Englisby,
Vaughn & Englisby, on brief), for appellant.

Amy L. Marshall, Assistant Attorney General (Judith Williams
Jadgmann, Attorney General, on brief), for appellee.


        Tello J. Angelina (appellant) was convicted following a bench trial of possession of heroin

in violation of Code § 18.2-250 and receipt of stolen property in violation of Code § 18.2-108.  On

appeal, he argues that (1) his waiver of a preliminary hearing was invalid; (2) his rights to a speedy

trial were violated; (3) the trial court erred in admitting the certificate of analysis; and (4) the

evidence was not sufficient to find him guilty of receipt of stolen property.  Finding no error, we

affirm appellant's convictions.

I.

        "Under familiar principles of appellate review, we view the evidence and all reasonable

inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the

party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877

(2003).  Consistent with that principle, the evidence shows that appellant was arrested for

───────────────

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

possession of heroin on March 27, 2003. During the execution of a search warrant of appellant's residence, Detective Kolev saw a syringe containing a brown substance he believed to be heroin on the kitchen counter. Appellant told the detective that he "fixed up" earlier with his son. Detective Kolev arrested appellant and subsequently seized three small baggies of heroin wrapped in a $20 bill from appellant's watch pocket. Appellant admitted in a written statement that the items the police found in his pocket were his "personal bags of heroin."

The evidence also shows that several days earlier, on March 18, 2003, appellant pawned a camcorder at Dances Sporting Goods Pawn Shop for forty dollars. From a review of the pawnshop's records, the police later determined that the pawned camcorder matched the description of a camcorder reported stolen from Garland Almeroda's (Almeroda) home.

Following his arrest, a probation officer for the court advised appellant that he would be recommended as eligible for the drug court program. On June 9, 2003, appellant waived a preliminary hearing of the drug charge by executing a "Wavier of Preliminary Hearing and Request for Drug Court." Subsequently, he was determined to be ineligible for drug court. On October 14, 2003, a grand jury indicted him for possession of heroin and receiving stolen property. Appellant's initial trial date was set for December 5, 2003. On December 1, 2003, appellant asked the trial court to appoint a different attorney to represent him, citing conflicts with his existing lawyer. The trial court granted appellant's request and set the new trial date for January 29, 2004. Because the clerk of the court inadvertently failed to notify appellant's new attorney of her appointment, the trial court rescheduled the trial for March 16, 2004.

At trial, the Commonwealth offered into evidence the heroin and syringe, which Detective Kolev seized from appellant, together with the certificate of analysis of that material. When asked by the trial court if there were any objections to admitting that evidence, appellant stated only, "Subject to cross-examination." The trial court then admitted the drug evidence

subject to appellant's cross-examination. At the conclusion of Kolev's cross-examination, appellant failed to state any objection to the evidence being admitted.

After the Commonwealth rested its case, appellant moved to strike the evidence. He argued that his waiver of his preliminary hearing on the possession of heroin charge was invalid and that consequently the indictment on the drug charge was invalid. He also argued that the indictments should be dismissed for failure to try him within the time period specified in Code § 19.2-243. He then argued for the first time that the certificate of analysis was inadmissible because the chain of custody of the drug evidence from the police property room to the state laboratory was broken. Finally, he argued that the evidence presented was insufficient to convict him of receiving stolen property. The trial court denied appellant's motion to strike, and ruled that the trial was commenced within the time limitations of Code § 19.2-243.

The trial court convicted appellant of possession of heroin and of receipt of stolen property, and sentenced him to ten years in prison, with eight years suspended, on the conviction of receipt of stolen property, and suspended imposition of sentence on the heroin conviction for twenty years on stated conditions.

II.

Appellant first contends that his waiver of a preliminary hearing on the drug charge was not valid, asserting that it was not knowingly and intelligently made. Consequently, he argues, the subsequent indictment on that offense is invalid. We disagree.

Code § 19.2-218 provides that:

> No person who is arrested on a charge of felony shall be denied a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such

> person prior to such hearing *unless such hearing is waived in writing by the accused.*

(Emphasis added).

Based on our review of the record, we conclude that appellant's waiver of a preliminary hearing was valid. On June 9, 2003, appellant signed the "Waiver of Preliminary Hearing and Request for Drug Court," waiving his right to a preliminary hearing. The waiver was in writing and signed by appellant, as well as by his attorney. By signing the waiver, appellant affirmed that he understood the consequences of waiving his preliminary hearing and that those consequences had been fully explained to him by the judge and his attorney. While at the time appellant waived his preliminary hearing he expected to be admitted into the drug court program, the later determination that he was not eligible for that program did not render his waiver of a preliminary hearing invalid.

Accordingly, we conclude that the trial court did not abuse its discretion when it denied appellant's motion to dismiss the indictment for possession of heroin for lack of a valid waiver of a preliminary hearing.

### III.

Appellant next contends that the trial court erred in not dismissing the indictments against him because the Commonwealth failed to bring him to trial in the time period required by Code § 19.2-243.

Code § 19.2-243 provides that where an accused is held continuously in custody following his arrest on a felony, he "shall be forever discharged from prosecution" if no trial is commenced in the circuit court within five months from the date probable cause was found by the district court, or within five months from the date the indictment was found where no preliminary hearing was held in the district court, or where the preliminary hearing was waived. Because appellant voluntarily and intelligently waived his preliminary hearing on the possession of heroin charge, and the direct indictment for receipt of stolen property required no preliminary

hearing, the five-month period to bring appellant to trial on both indictments began October 14, 2003, when the indictments were returned. "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).

Appellant argues, however, that even if the five-month limitation commenced on October 14, 2003, the March 16, 2004 trial date - some 154 days after the indictments were returned - occurred beyond the statutory period. We disagree.

The remedy for failing to try an accused within the statutory period is the dismissal of the charges, unless the delay in commencing the trial falls within one or more of the tolling provisions in the statute. See Shearer v. Commonwealth, 9 Va. App. 394, 399, 388 S.E.2d 828, 830 (1990).

Code § 19.2-243 provides in pertinent part that:

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
>
>     *      *      *      *      *      *      *
>
> 4. By continuance granted on the motion of the accused or his counsel . . . .

"Any delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial." Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998).

Appellant's initial trial date was set for December 4, 2003, but was continued until January 29, 2004 to accommodate appellant's request for a different court-appointed attorney. The trial court correctly determined that the fifty-five-day delay from December 4, 2003 until January 29, 2004 was chargeable to appellant to permit the newly appointed attorney to prepare

for trial. Removing that period from the time chargeable to the Commonwealth, the trial court found the trial was commenced within the statutory period.

Appellant's argument that he merely requested the appointment of a different attorney and not a continuance lacks merit. Any delay in a trial attributable to the defense will not be counted in determining whether the Commonwealth complied with the statutory speedy trial requirements. O'Dell v. Commonwealth, 234 Va. 672, 681, 364 S.E.2d 491, 496 (1988); see Stinnie v. Commonwealth, 22 Va. App. 726, 729-30, 473 S.E.2d 83, 84-85 (1996) (*en banc*) (holding that delay granted to an accused for additional trial preparation after dismissal of his court-appointed attorney will extend the statutory time limitation for the commencement of the trial as the delay in the start of the trial was solely for the defendant's benefit). In Stephens v. Commonwealth, 225 Va. 224, 301 S.E.2d 22 (1983), the Supreme Court noted that where a defendant engages in an action which creates "a slowdown of justice," that delay will not be attributable to the Commonwealth. Id. at 233, 301 S.E.2d at 27-28. The Court there concluded that "[a]lthough defendant did not make a formal motion for a continuance, he was the moving party in a proceeding [a motion to suppress evidence] which necessitated the continuance, and he should not be permitted to take advantage of the delay thus occasioned." Id.

In this case, the delay of fifty-five days between December 4, 2003 and January 29, 2004 was necessitated by appellant's request for the appointment of a different attorney and was properly attributable by the trial court to appellant. See Code § 19.2-243(4). Accordingly, we conclude that the trial court did not err in finding that there was no violation of the speedy trial provisions of Code § 19.2-243.

IV.

Appellant also contends that the trial court erred in admitting the certificate of analysis of the drugs seized from him, arguing that there was a break in the chain of custody in the handling of that evidence from the police evidence room to the state laboratory.

"'The purpose of the chain of custody rule is to establish that the evidence obtained by the police was the same evidence tested.'" Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996) (quoting Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991)). Moreover, the party objecting to the admission of the evidence has the burden of proving that the trial court erred. Dunn v. Commonwealth, 20 Va. App. 217, 220, 456 S.E.2d 135, 136 (1995).

The record reflects that appellant waived any objection to admissibility of the certificate of analysis by failing to interpose a timely objection after the evidence was admitted "subject to cross-examination." When the Commonwealth offered the syringe, the three baggies of heroin, and the certificate of analysis into evidence, the trial court asked appellant if there was any objection to the items being admitted. Appellant responded, "Subject to cross-examination." The trial court then stated that the evidence "[w]ill be received as 2, 3, and 4, respectively, subject to cross-examination." Following his cross-examination of Detective Kolev, appellant failed to state any objection to the evidence being admitted. See Crawley v. Commonwealth, 29 Va. App. 372, 376, 512 S.E.2d 169, 170 (1999) (holding that appellant waived any objections to the admissibility of fingerprint cards when he merely objected to the admission of fingerprint cards "subject to cross-examination," but failed to conduct any cross-examination or to register a hearsay objection); see also Mullin v. Mullin, 45 Va. App. 289, 297 n.2, 610 S.E.2d 331, 335 n.2 (2005) (noting that the response "'Subject to cross-examination,' . . . is not equivalent to an objection to the admissibility of the exhibits").

The trial court first learned of the basis of appellant's objection to the drug evidence, including the certificate of analysis, during his argument on his motion to strike the Commonwealth's evidence. In Woodson v. Commonwealth, 211 Va. 285, 176 S.E.2d 818 (1970), the Supreme Court held that " [a] litigant may not, in a motion to strike, raise for the first time a question of admissibility of evidence. Such motions deal with the sufficiency rather than the admissibility of evidence." Id. at 288, 176 S.E.2d at 821.

Lacking any specific objection to the evidence, the Commonwealth was deprived of an opportunity, prior to resting its case, to offer any additional evidence available to it to meet any objection related to appellant's contended break in the chain of custody. Moreover, appellant's failure to timely state a specific objection deprived the trial court of an opportunity to be fully informed of the basis of his objection, and to hear the Commonwealth's argument for its admissibility, so as to guide its ruling and thereby avoid any unnecessary reversal on appeal. See Reil v. Commonwealth, 210 Va. 369, 372, 171 S.E.2d 162, 164 (1969).

Accordingly, we conclude the trial court did not err in admitting the physical evidence seized from appellant and the certificate of analysis showing the chemical composition of that evidence.

V.

Finally, appellant contends that the evidence was insufficient to support his conviction for receipt of stolen property.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "The credibility of the witnesses and the weight accorded the evidence are matters solely

for the [trial court] who has the opportunity to see and hear that evidence as it is presented."

Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). We must affirm

the conviction "unless it is plainly wrong or without evidence to support it." Shackleford v.

Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

"To convict a defendant under Code § 18.2-108, the Commonwealth must prove that

property 'was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge

of the theft, and (4) a dishonest intent.'" Shaver v. Commonwealth, 30 Va. App. 789, 800, 520

S.E.2d 393, 399 (1999) (quoting Bynum v. Commonwealth, 23 Va. App. 412, 419, 477 S.E.2d 750,

754 (1996)). Appellant argues that the evidence failed to establish that the camcorder pawned by

appellant was the same one reported stolen from Almeroda's house.

The record established that appellant pawned a RCA camcorder at Dances Sporting Goods

Pawn Shop on March 18, 2003. The pawnshop employee, who testified that anyone who pawns

property at his business must provide proof of identity by showing a driver's license, identified

appellant as the person who pawned the camcorder. Almeroda, who reported the camcorder

stolen, testified that the recovered camcorder was the "same model and all that [he] had – the

same camcorder." Although he could not testify as to the precise date that the camcorder was

stolen, Almeroda testified that he believed it was stolen in the first half of 2003.[1] He further

testified appellant was a friend of his daughter and had visited the Almeroda residence during

early 2003 when the camcorder was discovered missing.

Based on the totality of the evidence presented, including any reasonable inferences

therefrom, a rational fact finder could reasonably conclude that the camcorder pawned by appellant

---

[1] Appellant's indictment for receipt of stolen property stated that he unlawfully and knowingly received stolen property "[o]n or about the 28th day of February, 2003." The pawnshop employee testified that appellant brought the camcorder into Dances Sporting Goods and pawned it on March 18, 2003. At oral argument, appellant conceded that the difference in date was not a matter of consequence.

on March 18, 2003 was the same camcorder stolen from Almeroda's residence sometime earlier and that appellant was aware that the camcorder he pawned was stolen. We find the trial court's decision supported by credible evidence and not plainly wrong. Accordingly, we affirm appellant's conviction for receiving stolen property.

VI.

For the foregoing reasons, we conclude that the trial court did not err in finding that appellant voluntarily and intelligently waived his preliminary hearing on the drug charge; that appellant's right to a speedy trial was not violated; that the trial court did not err in admitting the drug evidence and the certificate of analysis; and that the evidence was sufficient to prove the camcorder pawned by appellant was the one stolen from Almeroda's residence. Accordingly, we affirm appellant's convictions.

Affirmed.