COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia


DAVID SAMUEL LEWIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0617-08-1                      JUDGE D. ARTHUR KELSEY
                                                    MARCH 10, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Mark S. Davis, Judge

Jessica M Bulos, Assistant Appellate Defender (Office of the
Appellate Defender, on brief), for appellant.

John W. Blanton, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial court convicted David Samuel Lewis of possession of heroin in violation of

Code § 18.2-250. On appeal, Lewis challenges the sufficiency of the evidence used to convict

him. Finding the evidence sufficient, we affirm.

A police officer received a call one night from a reliable informant stating that an older

man wearing bedroom slippers, blue jeans, a gray T-shirt, and and a blue "doo" rag was "in

possession of a quantity of heroin" outside a public housing complex in Portsmouth. The officer

arrived at the scene five minutes later and arrested the man, later identified as Lewis. During a

search incident to arrest, the officer found a bag containing eleven clear capsules of suspected

heroin in Lewis's pants pocket. The officer said to Lewis, "you've been cooperative with me.

I'm not going to charge you with PWID. I'm going to charge you with possession." Lewis

replied, "Thanks, man. I'm just a user." Later testing confirmed the clear capsules contained

heroin. The trial court found Lewis guilty of possession of heroin.

[*] Pursuant to Code § 17.1-413 this opinion is not designated for publication.

Lewis argues on appeal that the evidence was insufficient to support his conviction. We disagree. While "bare possession, without more" does not prove Lewis's guilt, <u>Young v. Commonwealth</u>, 275 Va. 587, 592, 659 S.E.2d 308, 311 (2008), far more than bare possession exists here. After the officer pulled the bag of heroin out of Lewis's pocket, Lewis did not respond in disbelief or surprise. Nor did he offer any denials. Instead, Lewis described himself as a "user" and expressed gratitude that the officer did not mistake him to be a dealer.[1] In addition, the informant knew Lewis was in possession of heroin at a precise time and a particular place.[2] Unless someone surreptitiously planted the heroin on Lewis, a hypothesis unsupported by any evidence, the fact that the informant knew Lewis possessed heroin suggested Lewis did as well.

Taken together, the circumstances of this case — actual possession, the "user" admission, and the informant's knowledge — provide ample evidence of Lewis's guilt. We thus affirm Lewis's conviction for possession of heroin.

<u>Affirmed.</u>

---

[1] <u>See</u>, <u>e.g.</u>, <u>Woodson v. Commonwealth</u>, 245 Va. 401, 406, 429 S.E.2d 27, 30 (1993) (finding defendant's statements that he was an "addict" and that "it is in my right front pocket" provided "ample justification for a finding of his knowing and intentional possession").

[2] The prosecutor presented the evidence of the informant's statements during the Commonwealth's case-in-chief without any qualification as to the purpose for which it was being offered. On appeal, Lewis concedes he did not make a contemporaneous objection to this evidence or seek a ruling limiting it to some purpose unrelated to Lewis's guilt. Lewis's counsel cursorily raised the issue after the close of the evidence; but any objection at that stage was untimely. A criminal defendant may not use a sufficiency challenge as a platform to "raise for the first time a question of admissibility of evidence." <u>Woodson v. Commonwealth</u>, 211 Va. 285, 288, 176 S.E.2d 818, 821 (1970); <u>see</u> <u>also</u> <u>Poole v. Commonwealth</u>, 211 Va. 258, 260, 176 S.E.2d 821, 823 (1970); <u>Gregory v. Commonwealth</u>, 46 Va. App. 683, 696 n.9, 621 S.E.2d 162, 169 n.9 (2005); <u>McCary v. Commonwealth</u>, 36 Va. App. 27, 40, 548 S.E.2d 239, 245 (2001).