COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Petty
Argued by teleconference


TONY C. ARRINGTON

v.         Record No. 3072-07-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ELIZABETH A. McCLANAHAN
MARCH 31, 2009


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerome James, Judge

Robert H. Knight, III, Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Josephine F. Whalen, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on briefs), for appellee.


Arrington was convicted, after a bench trial, of misdemeanor possession of marijuana.

On appeal, he argues the marijuana was obtained during an illegal search and seizure in violation

of his Fourth Amendment rights.  Because Arrington failed to challenge the admissibility of the

evidence obtained in the seizure, he is procedurally barred from raising this issue pursuant to

Code § 19.2-266.2 and Rule 5A:18.

## I.  BACKGROUND[1]

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

---

[1] The facts and proceedings are derived from a statement of facts that was filed in lieu of
a transcript.

all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)). See also Bolden v. Commonwealth, 275 Va. 144, 147-48, 654 S.E.2d 584, 586 (2008); Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

Officer Frank Curott of the Norfolk Police Department stopped Arrington when he observed Arrington riding a motorized toy in the street in a "high drug" area of Norfolk. Officer Curott asked Arrington if he had a driver's license, and Arrington replied that he did not. The officer performed a warrant check and began to issue Arrington a summons for riding a toy in the street, in violation of a Norfolk City ordinance, when Arrington's cell phone rang. As Arrington spoke to the caller, he began furtively waving his arms in the air and looking around. Officer Curott had the impression Arrington was getting ready to run and asked him to end the phone call. Arrington did not comply, and Officer Curott handcuffed him and conducted a pat-down search. When he did so, Officer Curott felt a golf-ball sized bulge in Arrington's right front pants pocket. Officer Curott removed the object, which was later determined to be marijuana wrapped in plastic.

Arrington did not file a pretrial motion to suppress the evidence obtained in the seizure and did not object during the Commonwealth's case to the admissibility of the evidence seized. After the Commonwealth presented its evidence at the bench trial, Arrington moved to strike the Commonwealth's evidence on the ground that the search was illegal because the officer "lacked probable cause to seize [Arrington] and pat him down." The trial court overruled the motion. At the conclusion of the evidence, Arrington renewed his motion to strike on the basis that the "search was illegal" since there was no "probable cause to stop [him]." He further argued that "even if there

was probable cause to stop [him]," there was "no reasonable suspicion to search [him]." The trial court overruled the motion and convicted Arrington of misdemeanor possession of marijuana.

## II.  ANALYSIS

Arrington maintains the marijuana discovered by Officer Curott was the product of an illegal search and seizure in violation of the Fourth Amendment.[2] The proper vehicle for enforcement of the privacy rights guaranteed by the Fourth Amendment is through suppression of the evidence obtained during an illegal search and seizure. Mapp v. Ohio, 367 U.S. 643, 655 (1961). Thus, "the issue is not the abstract propriety of the police conduct, but the admissibility against [the defendant] of the evidence uncovered by the search and seizure." Terry v. Ohio, 392 U.S. 1, 12 (1968); see id. at 13 ("[E]videntiary rulings provide the context in which the judicial process of inclusion and exclusion approves some conduct as comporting with constitutional guarantees and disapproves other actions by state agents.").

Pursuant to Code § 19.2-266.2, "[d]efense motions or objections seeking . . . suppression of evidence on the grounds such evidence was obtained in violation of the . . . Fourth . . . Amendment[] to the Constitution . . . shall be raised by motion or objection." Code § 19.2-266.2(A)(i). This section further provides:

> Such a motion or objection in a proceeding in circuit court shall be raised in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial. . . . A hearing on all such motions or objections shall be held not later than three days prior to trial in circuit court, unless such period is waived by the accused, as set by the trial judge. The circuit court may, however, for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time.

Code § 19.2-266.2(B).

---

[2] The Fourth Amendment to the United States Constitution guarantees that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."

"The plain language of Code § 19.2-266.2 requires that a defendant seeking to suppress evidence based on a violation of his Fourth Amendment rights must file a suppression motion no later than seven days before trial, absent 'good cause shown and in the interest of justice.'" Upchurch v. Commonwealth, 31 Va. App. 48, 51, 521 S.E.2d 290, 291-92 (1999). "Failure to follow this statutory requirement results in a waiver of an accused's constitutional challenge to the admissibility of the evidence." Magruder v. Commonwealth, 275 Va. 283, 300, 657 S.E.2d 113, 122 (2008). See, e.g., Schmitt v. Commonwealth, 262 Va. 127, 146, 547 S.E.2d 186, 199 (2001) (argument regarding admissibility of tape recording waived because appellant failed to comply with statutory requirements of Code § 19.2-266.2), cert. denied, 534 U.S. 1094 (2002); Johnson v. Commonwealth, 37 Va. App. 634, 644-45, 561 S.E.2d 1, 6 (2002) (constitutionality of a code section not preserved for appeal because appellant failed to comply with Code § 19.2-266.2); Morrison v. Commonwealth, 37 Va. App. 273, 279, 557 S.E.2d 724, 727 (2002) (Court refusing to address constitutional challenge to statute where defendant failed to comply with Code § 19.2-266.2). The filing and notice requirements of Code § 19.2-266.2 "'serve[] legitimate state interests in protecting against surprise, harassment, and undue delay.'" Magruder, 275 Va. at 300, 657 S.E.2d at 122 (quoting Michigan v. Lucas, 500 U.S. 145, 152-53 (1991)).[3] Arrington failed to file a motion to suppress the evidence seized by Officer Curott in

---

[3] In a felony case, the requirements of Code § 19.2-266.2 also serve to preserve the Commonwealth's right to appeal a trial court's ruling prohibiting the use of evidence allegedly obtained in violation of the Constitution. See Code § 19.2-398(A)(2); Upchurch, 31 Va. App. at 53, 521 S.E.2d at 293. But the requirements of Code § 19.2-266.2 are not limited to felony cases, see, e.g, Johnson, 37 Va. App. at 644-45, 561 S.E.2d at 6. Allowing defendants to challenge the constitutionality of a search after evidence has been admitted without objection would effectively require the Commonwealth to present all of its evidence regarding the circumstances surrounding a seizure to develop a record even though no motion to suppress was ever filed.

accordance with the requirements of Code § 19.2-266.2.[4] Therefore, he waived his right to challenge its admissibility.[5]

In addition to his noncompliance with Code § 19.2-266.2 requiring a pretrial motion to suppress the evidence, Arrington failed to object to the admissibility of the evidence at trial. See Bitar v. Rahman, 272 Va. 130, 139, 630 S.E.2d 319, 324 (2006) (An objection to admissibility of evidence must be made when the evidence is presented.). Arrington was required to challenge the admissibility of the evidence in the trial court to preserve his argument on appeal that the evidence was unlawfully seized. See Rule 5A:18.[6] Applying Rule 5A:18, we have held "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)). "'Rule 5A:18 applies to bar even constitutional claims.'" Id. (quoting Ohree, 26 Va. App. at 308, 494 S.E.2d at 488). "The purpose of [this] rule is to ensure that the trial court and opposing party are given

---

[4] Although the trial court may permit a motion to suppress or objection to the evidence at a *later time* for good cause shown, see Code § 19.2-266.2, since Arrington did not make a motion to suppress the evidence *at any time* before or during the trial or object to its admission, the good cause exception for an *untimely filing* has no application.

[5] Arrington contends the Commonwealth failed to object to his "untimely" motion to suppress thereby waiving its argument that Arrington failed to comply with Code § 19.2-266.2. Arrington relies on Sykes v. Commonwealth, 37 Va. App. 262, 266 n.1, 556 S.E.2d 794, 796 n.1 (2001), where the defendant moved at trial to suppress evidence obtained during a search. Addressing the merits of the motion to suppress, the Court noted the Commonwealth did not argue the motion was inappropriate under Code § 19.2-266.2. But the Court did not address whether defendant complied with the statute, whether the good cause exception applied to the motion, or whether the Commonwealth waived an objection to the motion. More importantly, the defendant in Sykes *did* move to suppress the evidence unlike Arrington who *did not* make a motion to suppress. Since Arrington failed to make a motion to suppress, he cannot now complain that the Commonwealth failed to object to a motion that was never made.

[6] Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002). By failing to object to the evidence obtained in the seizure, Arrington deprived the trial court of the opportunity to consider the admissibility of the evidence, thus waiving his argument on appeal.[7]

Arrington concedes he did not file a motion to suppress the evidence or object to the admission of the evidence at trial but contends he "essentially" moved to suppress the evidence when he moved to strike the Commonwealth's evidence. The record does not show Arrington challenged the admissibility of the evidence at any time, including during his motion to strike. Nevertheless, "[a] litigant may not, in a motion to strike [the evidence], raise for the first time a question of admissibility of evidence. Such motions deal with the sufficiency rather than the admissibility of evidence." Woodson v. Commonwealth, 211 Va. 285, 288, 176 S.E.2d 818, 821 (1970); see also Poole v. Commonwealth, 211 Va. 258, 260, 176 S.E.2d 821, 823 (1970); McCary v. Commonwealth, 36 Va. App. 27, 40, 548 S.E.2d 239, 245 (2001) ("[A] motion to strike properly challenges only the sufficiency of the evidence offered up to that point, not the underlying admissibility of the evidence.").[8] "The question [Arrington] sought to raise by his

---

[7] Arrington does not assert any exception to Rule 5A:18, and we will not invoke one *sua sponte*. See Edwards v. Commmonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004).

[8] To be sure, a motion to strike can never be a proper vehicle to argue suppression of illegally obtained evidence since the questions of legal sufficiency and constitutional compliance are fundamentally different questions requiring different analyses. Compare Crawford v. Commonwealth, 53 Va. App. 138, 156, 670 S.E.2d 15, 24 (2008) ("'[In determining legal sufficiency of the evidence presented,] we consider *all* admitted evidence,' without regard for whether it was properly admitted or is likely to be admitted in any subsequent retrial." (quoting Hargraves v. Commonwealth, 37 Va. App. 299, 312-13, 557 S.E.2d 737, 743 (2002)) (emphasis added)), with Shiflett v. Commonwealth, 47 Va. App. 141, 145-56, 622 S.E.2d 758, 760 (2005) (After giving deference to the factual findings of the trial court, we "independently decide whether, under the applicable law, the manner in which the challenged evidence was obtained

motion -- whether [the search was] illegal . . . was purely a question of admissibility of evidence." <u>Poole</u>, 211 Va. at 260, 176 S.E.2d at 823. And that question could not be raised in the context of Arrington's motion to strike. <u>Woodson</u>, 211 Va. at 288-89, 176 S.E.2d at 821.[9]

Because Arrington failed to file a motion to suppress pursuant to Code § 19.2-266.2 or otherwise object to the admissibility of the evidence as required by Rule 5A:18, he waived his argument that such evidence was seized in violation of the Fourth Amendment.

Affirmed.

---

satisfies constitutional requirements." (quoting <u>Jackson v. Commonwealth</u>, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004))).

[9] Indeed, until this Court instructed counsel to submit supplemental briefs on whether a motion to strike alleging an unconstitutional search is sufficient to preserve the issue of whether the evidence should have been excluded, Arrington failed to recognize the issue was one of admissibility of the evidence rather than its sufficiency.