COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements

EDWARD R. SYKES

MEMORANDUM OPINION[*]

v.      Record No. 1889-22-1
PER CURIAM
SEPTEMBER 5, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Suzanne Seidel Richmond,
Assistant Attorney General, on brief), for appellee.


By order of December 28, 2000, the trial court found Edward R. Sykes not guilty by reason

of insanity of a charge of assault and battery upon a law enforcement officer. Under Code

§ 19.2-182.3, the trial court committed Sykes to the custody of the Commissioner of the Department

of Behavioral Health and Developmental Services (the Commissioner) for inpatient hospitalization.

On September 8, 2022, the trial court ordered an evaluation of Sykes's continued need for inpatient

hospitalization in advance of a biennial hearing as required by Code § 19.2-182.5(A). The trial

court conducted a hearing following receipt of the evaluation, recommitted Sykes to the custody of

the Commissioner, and continued the matter for review in two years. Sykes appeals, arguing that he

"no longer met the criteria for continued confinement" under Code § 19.2-182.5 and § 19.2-182.3.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Sykes waived the claim he asserts on appeal because he did not raise it in the trial court. *See* Rule 5A:18. Thus, we affirm the judgment.[1]

BACKGROUND

"When a defendant is acquitted by reason of insanity at the time of the offense, the court must place the acquittee in the temporary custody of the Commissioner . . . for an evaluation to determine whether that acquittee can be released or requires commitment." *Commonwealth v. Chatman*, 260 Va. 562, 571-72 (2000) (citing Code § 19.2-182.2). "If an acquittee is mentally ill and in need of inpatient hospitalization, the court must commit the acquittee." *Id.* at 572 (citing Code § 19.2-182.3). The trial court's decision to commit shall be based upon the following factors:

> 1. To what extent the acquittee has mental illness or intellectual disability, as those terms are defined in § 37.2-100;
>
> 2. The likelihood that the acquittee will engage in conduct presenting a substantial risk of bodily harm to other persons or to himself in the foreseeable future;
>
> 3. The likelihood that the acquittee can be adequately controlled with supervision and treatment on an outpatient basis; and
>
> 4. Such other factors as the court deems relevant.

Code § 19.2-182.3.

"When an acquittee is committed for inpatient hospitalization, the committing court must conduct periodic assessments of the confined acquittee's continuing need for such treatment." *Chatman*, 260 Va. at 572 (citing Code § 19.2-182.5). "[T]he provisions of the Code dealing with the disposition of persons acquitted by reason of insanity do not, however, limit the length of

---

[1] "Although parts of the record are sealed, this appeal requires unsealing certain portions to resolve the issues raised by [Sykes]. To the extent that certain facts are found in the sealed portions of the record, we unseal those portions only as to those specific facts mentioned in this opinion." *Khine v. Commonwealth*, 75 Va. App. 435, 442 n.1 (2022). "The rest remains sealed." *Id.*

time that an acquittee can be confined for inpatient treatment." *Id.* "Thus, it is conceivable that an acquittee could be confined for inpatient treatment for many years or for the remainder of his or her life, if the acquittee continues to be mentally ill and in need of inpatient treatment." *Id.* However, "at any time the court considers the acquittee's need for inpatient hospitalization," it shall "place the acquittee on conditional release" upon finding that

> (i) based on consideration of the factors which the court must consider in its commitment decision, he does not need inpatient hospitalization but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need inpatient hospitalization; (ii) appropriate outpatient supervision and treatment are reasonably available; (iii) there is significant reason to believe that the acquittee, if conditionally released, would comply with the conditions specified; and (iv) conditional release will not present an undue risk to public safety.

Code § 19.2-182.7.

In this case, the trial court conducted the statutorily required review of Sykes's mental health status on August 24, 2020, and continued the matter for biennial review on August 24, 2022. By order of September 8, 2022, upon Sykes's petition for conditional release, the trial court ordered an evaluation to assess and report on Sykes's "need for inpatient hospitalization by reviewing his condition with respect to the factors set forth" in Code § 19.2-182.3 and § 19.2-182.7.

Dr. Cleve Ewell at Eastern State Hospital evaluated Sykes and found that he had a major mental illness and "requires inpatient hospitalization[.]" Dr. Ewell opined that while Sykes demonstrated "growth and insight into improving himself and accepting his mental illness," he was not yet prepared for conditional release.

A November 29, 2022 report of an evaluation by Dr. Charles B. Anderson at Central State Hospital concluded that Sykes "continue[d] to present with symptoms of a major mental health disorder including personality characteristics which continue to affect his progress, and

- 3 -

which require ongoing treatment and monitoring." Dr. Anderson noted that despite making "significant recent gains," Sykes required "inpatient hospitalization at the present time while continuing to demonstrate his ability to exercise his privileges in the community without incident."

At the December 1, 2022 hearing, the trial court indicated that it had both reports concerning Sykes's mental health status. Sykes objected that he was evaluated by a psychologist at Eastern State Hospital because he had been injured in altercations with staff members there, and claimed that the professionals at Eastern State were biased against him. Sykes said only that he wished to have an "outside evaluator" that his uncle would pay for "to see if [he] can qualify to return to the community." The trial court stated that it reviewed both evaluations and that they did not appear to be biased against Sykes. The trial court denied "the motion for an independent evaluation and, pursuant to statute, order[ed] the recommitment." The trial court continued the matter to December 2, 2024. This appeal followed.

## ANALYSIS

Sykes argues that the trial court erred in denying his petition for conditional release because he "no longer met the criteria for continued confinement" under Code § 19.2-182.5 and § 19.2-182.3. He maintains that the Commonwealth "failed to establish by clear and convincing evidence that Sykes is currently mentally ill and in need of inpatient hospitalization." He asserts that the reports of Drs. Ewell and Anderson "did not identify any reliable test or theory to support their conclusions as required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). He further claims the proceedings in the trial court violated his right to due process. In the trial court, however, Sykes requested only an independent evaluation, and asserted none of these arguments he raises on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both specific and timely — so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009).

We do not consider the arguments Sykes asserts on appeal because he failed to raise them in the trial court. Sykes does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and the Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*