COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Fulton
Argued at Lexington, Virginia

UNPUBLISHED

CHARLES JUSTIN WEST

MEMORANDUM OPINION* BY
v.      Record No. 1540-22-3      JUDGE JUNIUS P. FULTON, III
NOVEMBER 14, 2023

JENNIFER LYNN LEMMER


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

John S. Edwards (Edwards Law Firm, on briefs), for appellant.

Kathleen T. Allen (Johneal M. White; Glenn Robinson Cathey
Memmer & Skaff, PLC, on brief), for appellee.


Charles Justin West appeals a personal injury judgment in his favor awarding him zero

dollars in compensatory damages. On appeal, West argues that the circuit court erred by

admitting a record containing hearsay that suggested West broke his left foot before the accident

at issue in this case. Finding no error, we affirm the circuit court's judgment.

BACKGROUND

On July 18, 2019, a pickup truck driven by Jennifer Lemmer rear-ended an SUV driven

by West in Roanoke, Virginia. Lemmer's truck was traveling about five miles per hour when it

scraped the rear bumper of West's SUV and bent its tow hitch. The truck sustained "a few

dents" to its license plate and its brush grill guard was "pushed in slightly." After the accident,

the parties drove to a nearby parking lot and exited their respective vehicles, at which point

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

Lemmer observed that West used a walking cane. Lemmer apologized for causing the accident and asked West if he was okay; West responded that he was.

On April 7, 2020, West filed a complaint against Lemmer seeking to recover for personal injuries he allegedly sustained because of the accident. Specifically, West alleged that he had broken his left foot during the accident. Before trial, West filed a motion *in limine* to exclude a psychotherapy progress note prepared by Peter John Holm, West's substance abuse counselor, on July 2, 2019. The progress note states that West had a drug relapse "within the last 1.5 months" and that he claimed that his "drug use had sparked seizures and that he had broken his left foot as a result." West argued that the progress note was hearsay and not admissible under Virginia Rule of Evidence 2:803(4)'s exception for statements given to obtain medical treatment because Holm was not a doctor, and the progress note was "unreliable." West further argued that the progress note did not satisfy the business record exception to the hearsay rule, specifically because it was not kept in the regular and routine course of Holm's business of treating addiction. Finally, West argued that his statements contained within the progress note did not constitute a party admission because it was made before the accident occurred. On August 19, 2022, the circuit court denied West's motion *in limine* and ruled that the admissibility of the progress note "is an issue to be decided at trial."

On August 26, 2022, the case proceeded to trial before a jury. Lemmer stipulated to liability for causing the accident, and the parties agreed that the only issue to be decided by the jury was the amount of damages, if any, that West was entitled to recover. During his opening statement, West asserted that the evidence presented at trial would show that he broke his left foot because of the accident.

West did not testify at trial. According to West's mother, West claimed that he broke his left foot after he "got his left foot under the brake" pedal and "stomped on the brake with his

right foot" to "keep from hitting the car in front of him." West's stepfather and mother testified that West's foot was swollen and blue after the accident. They recommended that he seek medical attention, which he did not do until the following day. They further testified that West lived with them at the time of the accident and that his foot was not broken before the accident. West's stepfather also testified that he had degenerative spine disease and had placed a cane in each of his cars, including the one driven by West at the time of the accident.

West also introduced testimony from Chelsea Ress, a physician assistant, who testified that West told her that his SUV had been rear-ended by another vehicle traveling at approximately 50 miles per hour. Ress testified that x-rays revealed several fractures to West's left foot and that, "as far as [she] kn[e]w," West had not previously injured his left foot. She clarified that her "only opinion" was that the fractures were caused by the accident "because that is what [West] told [her]." Finally, West introduced testimony from Natalie Allen, a podiatrist, who testified that she took x-rays of West's left foot on July 30, 2019. Allen opined that West's injuries at that time were "consistent with a two-week-old injury."

During her case-in-chief, Lemmer testified as to her account of the accident and introduced photographs of the front of her vehicle following the accident. She also introduced testimony from Holm. Holm testified that he met with West for substance abuse counseling on July 2, 2019, and that he prepared the progress note per his regular practice approximately six and a half hours after their meeting. He also testified that he did not have an actual recollection of West's statements as set forth in the progress note, but explained that, "if [West] told [him]" something, "[he] wrote it down." Lemmer moved to introduce a copy of the progress note into evidence, which Holm testified was a true and accurate copy.

West objected, explaining that the circuit court "ha[d] [his] objection previously." He further argued that Holm was "not a doctor or healthcare provider" and could not testify as to the

proximate cause of an injury. The circuit court overruled West's objections and admitted the progress note "as a business record and a party admission." West requested that the circuit court instruct the jury that the progress note "cannot be used for proximate cause of the injury that he suffered." The circuit court denied West's request for a cautionary instruction, finding that the progress note was "relevant to the issue of [West's] credibility."

After the conclusion of evidence and closing arguments of the parties, the jury returned a verdict in favor of West but did not award him any compensatory damages. West subsequently filed a motion for a new trial arguing that the progress note constituted "purely inadmissible hearsay" because "[t]here is no hearsay exception for statements to social workers regarding a client's personal injuries." On October 6, 2022, the circuit court entered a final order in accordance with the jury's verdict and denied West's motion for a new trial. West appeals.

ANALYSIS

On appeal, West contends that the circuit court erred by admitting the progress note because both it and his purported statements therein were hearsay statements not falling within any exceptions. He further argues that the circuit court erred by failing to provide his requested cautionary instruction to the jury. "Appellate courts review a circuit court's ruling on the admissibility of evidence under an abuse of discretion standard." *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022) (citing *Thomas v. Commonwealth*, 279 Va. 131, 168 (2010)). "When evaluating whether a trial court abused its discretion, the appellate court 'considers only whether the record fairly supports the trial court's actions.'" *Davis v. Commonwealth*, 73 Va. App. 500, 507 (2021) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "[T]he circuit court judge's 'ruling will not be reversed simply because an appellate court disagrees.'" *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

"Under the Virginia Rules of Evidence, hearsay is a statement made out-of-court which is 'offered in evidence to prove the truth of the matter asserted.'" *Warnick v. Commonwealth*, 72 Va. App. 251, 270 (2020) (quoting Va. R. Evid. 2:801(c)). "Hearsay is inadmissible unless permitted by an exception, and the party offering the evidence must 'clearly show' that the exception applies." *Khine v. Commonwealth*, 75 Va. App. 435, 444-45 (2022) (quoting *Clay v. Commonwealth*, 33 Va. App. 96, 104 (2000) (en banc), *aff'd*, 262 Va. 253 (2001)).

Finally, "[a]n appellate court 'review[s] jury instructions to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Nottingham v. Commonwealth*, 73 Va. App. 221, 228 (2021) (alteration in original) (quoting *Watson v. Commonwealth*, 298 Va. 197, 207 (2019)). "An instruction must be supported by 'more than a scintilla' of evidence, viewed in the light most favorable to the proponent." *Id.* (citations omitted). "Whether to give or deny jury instructions 'rest[s] in the sound discretion of the trial court.'" *Id.* (alteration in original) (quoting *Hilton v. Commonwealth*, 293 Va. 293, 302 (2017)).

## I.  The Progress Note

West contends that the progress note was hearsay and that the circuit court abused its discretion by admitting it under the business records exception to the hearsay rule. That exception provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . [a] record of acts, events, calculations, or conditions if: (A) the record was made at or near the time of the acts, events, calculations, or conditions by—or from information transmitted by—someone with knowledge; (B) the record was made and kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making and keeping the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 2:902(6) or with a statute permitting certification; and (E) neither

the source of the information nor the method or circumstances of
preparation indicate a lack of trustworthiness.

Va. R. Evid. 2:803(6). West argues that the progress note was not a record of an "act" or "event" made near the time the record was made as required by Rule 2:803(6)(A) because Holm did not personally observe the seizure that purportedly caused West to break his foot. He further argues that the progress note failed to satisfy the requirement of Rule 2:803(6)(E) because it "clearly lacks any guarantee of trustworthiness." We do not address the merits of either argument because West failed to preserve them for appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Id.* (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Bethea*, 297 Va. at 743). "If a party fails to timely and specifically object, he waives his argument on appeal." *Id.* (citing *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009)).

In this case, the circuit court found that the progress note satisfied the business record exception to the hearsay rule. The record shows that West's sole objection with respect to whether the progress note satisfied the business record exception was his claim that the note was not kept in the regular and routine course of Holm's business of treating addiction. In other

words, West argued that the progress note failed to satisfy subsection (B) of Rule 2:803(6), rather than subsections (A) or (E), as he claims on appeal. As West did not raise the specific arguments he advances on appeal before the circuit court, he failed to preserve them for appeal. *See Bethea*, 297 Va. at 743 ("Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial."). Although there are exceptions to Rule 5A:18, West does not invoke them, and the Court will not apply the exceptions sua sponte. *Hogle*, 75 Va. App. at 756. Accordingly, Rule 5A:18 bars our consideration of West's arguments on appeal.

## II. Hearsay Within the Progress Note

West's statement contained in the progress note that his "drug use had sparked seizures and that he had broken his left foot as a result" constitutes additional hearsay. Where, as in this case, "there are multiple levels of hearsay, each level must be justified by an exception in order to be admissible." *Warnick*, 72 Va. App. at 270 (citing Va. R. Evid. 2:805). The circuit court found that West's statements were party admissions under Rule 2:803(0). On appeal, West argues that his statements were not party admissions because the progress note "was made well before" and "had nothing whatsoever to do with the physical injury caused by the accident." He further argues that his statements were not party admissions because he did not authorize Holm to record them in the progress note. We disagree.

"A statement offered against a party that is . . . the party's own statement" is "not excluded by the hearsay rule." Va. R. Evid. 2:803(0). A party admission "may relate to a past act or to a future event." *Goins v. Commonwealth*, 251 Va. 442, 461 (1996). "In the case of a party admission, the credibility of the extrajudicial declarant is not an issue affecting the admissibility of the statement, because the party need not cross-examine his own statement in order to be in a position to deny, contradict, or explain the statement." *Id.*

By arguing that he did not authorize Holm to record the statements at issue, West suggests the statements were not made by him, but were Holm's. Indeed, West argues that there is no "evidence [he] even made the statements referenced in the [progress note]." Holm's testimony and the progress note, however, plainly identify West as the person who made the statements. Although West disputes the accuracy of his purported statements and claims that Holm was not authorized to record them, he did not introduce any evidence to support his arguments at trial despite being "in a position to deny, contradict, or explain the statement." *Goins*, 251 Va. at 461. Accordingly, we conclude that the circuit court was not plainly wrong in ruling that West's statements constituted party admissions.

Notwithstanding our conclusion, West contends that, even if he made the statements at issue, they do not constitute party admissions because he did not have an interest in the subject matter of this case at the time they were made. In doing so, West conflates the party admission hearsay exception with the statement against interest hearsay exception, which permits the introduction of "[a] statement which the declarant knew at the time of its making to be contrary to the declarant's pecuniary or proprietary interest." Va. R. Evid. 2:804(b)(3)(A). As the circuit court was not plainly wrong in ruling that West's statements constituted party admissions, we need not address whether the statements also satisfied a different hearsay exception.[1] *See Davis*, 73 Va. App. at 509 ("[I]t is a time-honored principle of evidence law that, in general, if evidence is admissible for any purpose, it is admissible." (quoting *Brown v. Commonwealth*, 25 Va. App. 171, 178 (1997))).

---

[1] As we affirm the trial court's judgment admitting the progress note and West's statement therein under the business record exception and the party admission doctrine, we do not address West's additional assignment of error that they were not admissible under Rule 2:803(4)'s exception. "When a lower court's judgment is made on alternative grounds, this Court need only determine whether any of the alternatives is sufficient to sustain the judgment." *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 574 n.9 (2018) (citing *Fields v. Dinwiddie Cnty. Dep't of Soc. Servs.*, 46 Va. App. 1, 8 (2005)).

### III. West's Proposed Cautionary Instruction

Finally, West contends that the circuit court erred by refusing to instruct the jury that the progress note "cannot be used for proximate cause of the injury that he suffered." He argues that the "jury was never told that Holm was not an expert witness on the cause of [his] physical injuries" nor "instructed on the legal requirements of proving the cause of physical injuries by a qualified medical expert witness." As a result, West claims that the "jury was allowed to speculate that [his] foot injuries [were] caused by" the drug induced seizure described in the progress note.

"Whether to give or deny jury instructions 'rest[s] in the sound discretion of the trial court.'" *Nottingham*, 73 Va. App. at 228 (alteration in original) (quoting *Hilton*, 293 Va. at 302). As set forth above, Holm's testimony and the progress note plainly identify West, not Holm, as the person who made the statements at issue. Thus, the statements within the progress note did not purport to be from Holm as an expert witness nor provide expert opinion as to causation. They were statements from a lay witness, which are generally "admissible to prove proximate causation." *Bussey v. E.S.C. Restaurants, Inc.*, 270 Va. 531, 538 (2005); *see also Todt v. Shaw*, 223 Va. 123, 127 (1982) (holding that lay testimony was sufficient to raise a jury question even when expert testimony failed to establish causation). Moreover, as the circuit court did not err by admitting the progress note into evidence, the jury was "free to weigh the evidence how it chooses." *Payne v. Commonwealth*, 292 Va. 855, 871 (2016). Given that West's lay witness statements concerned the proximate cause of his own injuries, we hold that the circuit court did not abuse its discretion by refusing to give West's requested cautionary instruction.

### CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.

- 9 -