COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Huff and Senior Judge Annunziata
Argued at Lexington, Virginia

JOHN VICTOR DRITSELIS

                                           MEMORANDUM OPINION[*] BY
v.       Record No. 0530-14-3          JUDGE ROSEMARIE ANNUNZIATA
                                             DECEMBER 2, 2014

MARY TSAKIRES DRITSELIS

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Colin R. Gibb, Judge

Terry N. Grimes (Terry N. Grimes, P.C., on brief), for appellant.

No brief or argument for appellee.

John Victor Dritselis appeals from an order reducing his spousal support. Appellant argues that the trial court erred by (1) failing to compel Mary Tsakires Dritselis to produce discovery, proceeding with the hearing on February 7, 2014, and granting her motion to reduce spousal support; (2) "relying over objection on hearsay grounds and improper opinion evidence a document from an accountant who was not present at the hearing on February 7, 2014, which was never produced in discovery, and which was neither moved nor admitted into evidence;" and (3) finding a change in circumstances, reducing the spousal support from $1,200 per month to $900 per month and "relying on hearsay in doing so." We find no error and affirm the decision of the trial court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on August 19, 1962 and divorced on October 22, 2003. On May 23, 2007, the trial court ordered appellee to pay $1,200 per month in spousal support to appellant. In March 2013, appellant requested a show cause against appellee for failure to pay spousal support. While the case was pending, appellant filed a motion to compel discovery, and the trial court entered an order on December 2, 2013 directing appellee to comply with the discovery requests.

Appellee subsequently filed motions to reduce or terminate spousal support and requested a continuance of the February 7, 2014 hearing in order to have her motions heard at the same time as the show cause matter and to provide her additional time to retain a lawyer. She also filed discovery requests against appellant. In response, appellant filed a motion to impose sanctions and entry of a protective order. Appellant stated that appellee last paid him spousal support on February 8, 2012 and, as of January 2014, owed $31,000. He asked the trial court to enter a judgment against appellee for the amount of arrears and to impose sanctions against her. He averred that the documents appellee provided were only partially responsive, "woefully inadequate," and not under oath. He asked the trial court to deny appellee's continuance request that she filed with her motions to modify support and to enter a protective order relieving him of his responsibility to answer her discovery requests until she was current with her spousal support obligation and responded "properly" to his discovery requests.

On February 7, 2014, the parties appeared before the trial court for argument on their respective motions. Appellee apprised the trial court that she had brought her discovery responses to court to give to appellant. The trial court gave appellant a thirty-minute break to review the documents, stating its intention to proceed with appellee's motion to modify spousal support.[1] Appellant did not object or request a continuance. Upon resumption of the

---

[1] Prior to the break, the trial court held that appellee owed $30,000 in arrears.

proceedings and the presentation of evidence, appellant made a motion to strike appellee's case, which the trial court denied. The trial court held a change in circumstances had occurred since the last support order and reduced appellee's spousal support obligation to $900 per month. This appeal followed.

ANALYSIS

*Assignment of error #1*

Appellant argues that the trial court erred by failing to compel appellee to produce discovery, proceeding with the hearing on February 7, 2014, and granting her motion to reduce spousal support. At trial, appellant asked the trial court to rule on the arrearage issue only. He argued that appellee should not be allowed to present evidence regarding her motion to modify spousal support until she paid the arrears and responded fully to discovery.

Appellee responded that she brought her discovery to court and that she had tried to produce them to counsel earlier. The trial court decided to proceed with appellee's motion to modify after calling a brief recess to permit appellant an opportunity to review the documents appellee had brought with her to court in response to appellant's discovery requests. The court informed the parties,

> I will give you [appellant] a break, give you half an hour to look
> through this stuff. We will do that, we will proceed on that, so you
> disclose whatever, exchange whatever materials you want to here,
> and I think that, you know, she is pro se, I think that her
> circumstances have changed. I know that there may be some
> notice issues about that, but the equity of the thing is that I will go
> ahead and hear her petition for reduction now. I will give you half
> an hour to kind of get ready for it.

Appellant's counsel responded, "Yes, sir," and lodged no objection to the court's ruling. After the recess, the trial court stated that appellee could proceed with her motion. Appellant did not object or ask for a continuance.

During the hearing, appellee testified about her income and expenses. After appellee presented her evidence, appellant made a motion to strike, but did not object to the trial court's decision to proceed with appellee's motion, despite what appellant described as a "woefully inadequate" response to his discovery requests. In closing argument addressing the motion to strike, appellant noted, "Your Honor, of course we object to any reduction for the reasons previously stated, feeling that she's not proved changed economic circumstances." It was not until the final order where appellant noted his objection to the court's decision to proceed with appellee's motion to modify, notwithstanding appellant's challenge to the adequacy of her response to discovery. He objected

> to the Court's failure to address plaintiff's motion to impose
> sanctions and entry of a protective order as a result of defendant's
> failure to produce the requested discovery on the grounds that
> without the discovery, plaintiff was unable to prepare the hearing
> on defendant's motion for modification. I object further to the
> Court's decision to proceed with the hearing on defendant's
> motion for modification on February 7, 2014.

Appellant did not note his objection to the trial court's offer to give him thirty minutes to review appellee's discovery requests. He did not object to appellee proceeding with her case after the recess. He did not move for a continuance. He did not indicate that he needed additional time to prepare. Instead, appellant noted his objections on the final order reducing appellee's support obligation. The objections were not timely.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "If a party fails to timely and specifically object, [he] waives [his] argument on appeal." Andrews v. Creacey, 56 Va. App. 606, 635, 696 S.E.2d 218, 232 (2010) (citing Arrington v. Commonwealth, 53 Va. App. 635, 674 S.E.2d 554 (2009)).

Since appellant did not note a timely objection, we will not consider the first assignment of error.[2]

### Assignment of error #2

During the trial, appellee referred to a document prepared by her accountant and provided a copy to the court.[3] Appellant objected to the accountant's document on various grounds. Prior to the thirty-minute recess, appellant's objection was based on the discovery dispute referenced and disposed of earlier.[4] Counsel objected to the document again after the recess, and said, "Your Honor, if this is evidence, we object on the grounds that it is hearsay. If it's opening statement, maybe not." When the trial court subsequently referred to the document, appellant's counsel restated the objection and said, "Your Honor, for the Record, let me interpose an objection to the document that it is hearsay and opinion testimony from an accountant who is, of course, not here to testify." Appellant asserts on appeal that the trial court's reliance on this document to determine whether to reduce appellee's spousal support obligation was error. We find appellant's argument to be misplaced.

The trial court did not rely on the accountant's report in finding that appellee's circumstances had changed. The decision on this issue was reached prior to taking the thirty-minute recess, after which the trial court used the accountant's report to question appellee. In denying appellant's motion to strike the evidence appellee presented in her motion to modify

---

[2] Appellant does not ask this Court to invoke the ends of justice exception to Rule 5A:18. "We will not consider such an argument *sua sponte*." Andrews, 56 Va. App. at 636 n.15, 696 S.E.2d at 232 n.15 (citing Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc)).

[3] Although there is a copy of the document in the record marked "filed 2/7/14" with the judge's initials, it was never submitted as an exhibit to be admitted into evidence.

[4] Counsel for appellant stated, "Of course, we object to that, Your Honor, because of course that is what she's not provided yet."

her support obligation, the trial court noted appellee's age, her health, and the fact that she was "property poor." The trial court further found that appellee was "still obligated to pay [appellant] support," and noted that, although appellee's "circumstances have changed somewhat," she was "sitting on a bunch of valuable property that [she] was not fully utilizing."[5] The record shows that the facts underlying the court's finding that a change in appellee's circumstances has occurred were established by evidence other than the accountant's report.

To be sure, the trial court used the accountant's report when it questioned appellee after the recess.[6] We assume without deciding that the trial court erred in relying on the document, but the error was harmless. The standard for non-constitutional harmless error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

In Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)), the Supreme Court of Virginia explained:

> "If, when all is said and done, . . . [it is clear] that the error did not influence the [fact finder], or had but slight effect, . . . the judgment should stand . . . . But if one cannot say, with fair

---

[5] During appellant's cross-examination of wife, he asked her about her property, whether she was renting the buildings, and whether she signed a listing agreement to sell any of the properties.

[6] The trial court stated, "So run me through these numbers. I've got the – starting with the – starting with 2012." Then, it said, "I guess she can look at this and tell me what it is. What is your income for 2012?" The court then said, "It says that you receive $151,000 in rent, if I'm reading this right." It also asked her about the expenses reflected on the chart. When asked what "other expenses" encompassed, she said, "For expenses," noting that she had provided her tax returns. Finally, she explained that "other expenses" were "probably things like maintenance, roof repair, lots of things that we do there at that old building to maintain it." She also testified about her other income (social security), her health, her expenses, and the buildings.

assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the [judgment] cannot stand."

"Also relevant to the harmless error analysis is whether the evidence admitted in error is merely 'cumulative' of other, undisputed evidence." Andrews, 56 Va. App. at 625, 696 S.E.2d at 227 (citing Brecht v. Abrahamson, 507 U.S. 619, 639 (1993)). "'Cumulative testimony is repetitive testimony that restates what has been said already and adds nothing to it. It is testimony of the same kind and character as that already given.'" Id. (quoting Massey v. Commonwealth, 230 Va. 436, 442, 337 S.E.2d 754, 758 (1985)).

In this case, evidence of "the same kind and character as that already given" was submitted by appellant. Id. As part of his case-in-chief, he had appellee's tax returns, including Schedule E, from 2005 through 2012, admitted into evidence. The accountant's document, presented by appellee, is a summary of each Schedule E from appellee's tax returns for 2005 through 2012. It is, thus, "cumulative" evidence. Id. Considering that appellant introduced the same information contained in the accountant's report when he submitted appellee's tax returns, the court's referral to the accountant's report in the course of questioning appellee was harmless.[7]

*Assignment of error #3*

Appellant argues that the trial court erred in finding that there was a change in circumstances and in reducing appellee's spousal support obligation.

---

[7] Husband also objected to the trial court relying on the document since it was not admitted into evidence. Husband raises this argument for the first time on appeal, so we will not consider it. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court.").

- 7 -

Decisions concerning spousal support "rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994) (citation omitted); see also Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

"Upon [the] petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989) (citation omitted). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988) (citation omitted).

Appellant contends the trial court erred in reducing spousal support from $1,200 per month to $900 per month. Appellant contends his situation has not changed, except that he is now eighty years old and in poor health. He points out that he has the same social security income and continues to rely on his cousin for financial assistance. By contrast, appellant argues that appellee has six "valuable" properties she owned in 2007 and which she has failed to rent or sell. He asserts that one "prime location" property has not been rented for a number of years and has not been listed with a realtor for sale, despite evidence it has a sale value of approximately $900,000. Appellant concludes that "[t]his lack of income should have been charged against [appellee]."

After hearing all of the evidence and argument, the trial court found that a material change in circumstances was established. In deciding to reduce appellee's support obligation the court noted that, at the time of the hearing, appellee was seventy-one years old, "in bad health,"

and her health "affect[ed] her ability to earn a living." The trial court concluded that appellee's income-producing properties were "underproducing" but that she did not have the capital to make necessary improvements to the properties. Finding such facts constituted changed circumstances, the trial court ordered a reduction in appellant's support noting that appellee, nonetheless, had "an obligation to [her] husband to support him" and that she had "the ability to produce [the] income" needed to pay support in the amount ordered.

We conclude there is sufficient evidence in the record to support the trial court's exercise of its discretion in reducing the spousal support from $1,200 per month to $900 per month.

*Attorney's fees and costs*

Appellant asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award appellant his attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.