UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, White and Senior Judge Petty

MICHAEL KEVIN MCREYNOLDS

v.       Record No. 0623-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 8, 2023

UPON A REHEARING

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

(Matthew L. Engle; Donovan & Engle, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.

The trial court convicted Michael Kevin McReynolds of second-degree murder.

McReynolds argues that the trial court abused its discretion by "admitting a double hearsay

affidavit" at the sentencing hearing. We find no merit in McReynolds's argument and affirm the

trial court's judgment.[1] After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413 (A).

[1] We previously affirmed McReynolds's conviction in a memorandum opinion issued on
March 7, 2003. By order dated June 13, 2023, we withdrew that opinion, vacated the mandate,
and granted McReynolds's petition for rehearing.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On April 28, 2018, Tricia Murphy saw McReynolds scream and curse at Johnny Battle, her 80-year-old, wheelchair-bound neighbor, on Battle's back porch. McReynolds then repeatedly struck Battle. Other neighbors, Morris Everett and Monique Bennett, also saw McReynolds punch and kick Battle. When Murphy yelled at McReynolds, he threatened to harm her. Murphy retreated inside and called 911. Meanwhile, Everett and Bennett ran to Battle's aid and McReynolds threatened them while spewing racial epithets. McReynolds accused Battle of having taken his "damn car" and unsuccessfully tried to start one of Battle's vehicles. Bennett, a certified nurse's assistant, testified that Battle was unconscious and bleeding from his forehead when she reached him. The Commonwealth introduced a video recorded by an employee of a business behind Battle's house which depicted part of the violent attack.

When the police arrived, McReynolds initially claimed that he was attempting to help Battle, but Murphy and Everett identified him as the assailant. Richmond Police Officer Wade testified that McReynolds appeared visibly agitated and paced the alley while stating that he "owns the block" and that he "paid taxes, that that was his." When McReynolds refused to cooperate, the police tased him and took him into custody.

Medical technicians transported Battle to the hospital, where he died from his injuries. Battle suffered abrasions on his face, arms, back, and legs. He had fractures in his neck and ribs

which caused internal bleeding and deprived his brain of oxygen. The medical examiner reviewed the video of the beating and concluded that McReynolds inflicted the injuries while Battle was alive and that Battle's injuries were consistent with being kicked and punched as recorded in the video. Battle died after he suffered a heart attack caused by the blunt force trauma.

The trial court found, based on the video and testimonial evidence, that the beating was "brutal" and "one of the more horrific things the [c]ourt has seen." The trial court held that there was "a clear showing of malice" and that McReynolds's actions were based on "hatred." The trial court convicted McReynolds of second-degree murder.

At the sentencing hearing, Battle's girlfriend and grandson testified about the devastating impact of Battle's death. The Commonwealth also introduced documents related to McReynolds's 2003 conviction in Vermont, which was prosecuted as a "hate motivated crime." The probable cause affidavit prepared by the arresting officer detailed the basis of the charge. The affidavit stated that McReynolds chased the victim, who was of Asian descent, while yelling racial slurs and threatening to kill him. The affidavit also included sworn statements by the victim describing McReynolds's words and actions. The officer stated in the affidavit that McReynolds kicked him, threatened to kill him, and that the officer had to use pepper spray to subdue him. McReynolds argued that the Commonwealth had only provided him with the affidavit "about three hours ago" and "on that basis" he objected to the admission of the exhibit.

The prosecutor explained that he had received the documents from Vermont that morning and shared them with the defense within 30 minutes of receiving them. The trial court admitted the exhibit. McReynolds proffered his version of the events leading to the Vermont conviction and denied having used racial epithets during the incident.

The trial court sentenced McReynolds to 40 years of incarceration with 12 years suspended. The trial court explained that it departed upward from the guidelines[2] "[b]ecause of the very violent nature of the attack, stomping an 80 year old victim in a wheelchair for no reason." McReynolds appeals.

ANALYSIS

"We review a court's decision to admit evidence at sentencing for an abuse of discretion." *Meekins v. Commonwealth*, 72 Va. App. 61, 68 (2020). "Circuit court judges are vested with broad discretion in admitting evidence and can be expected to exercise that discretion to exclude evidence that does not aid the court in the sentencing phase." *Harvey v. Commonwealth*, 65 Va. App. 280, 286-87 (2015). "Such weighing is left to the discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion." *Id.* at 287 (quoting *Teleguz v. Commonwealth*, 273 Va. 458, 482 (2007)). "In determining the admissibility of evidence at a sentencing hearing, 'the circumstances of the individual case will dictate what evidence will be necessary and relevant, and from what sources it may be drawn.'" *Meekins*, 72 Va. App. at 68 (quoting *Beck v. Commonwealth*, 253 Va. 373, 384 (1997)).

McReynolds argues that the trial court abused its discretion "by admitting a double hearsay affidavit." He asserts that "through the use of uncorroborated and unreliable double hearsay evidence, the Commonwealth portrayed [him] as a serial perpetrator of racially-motivated crimes." McReynolds did not raise this argument in the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e]

_____

[2] The sentencing guidelines provided a range of 15 years and 9 months to 26 years and 4 months.

- 4 -

contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (emphasis omitted) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009).

"Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea*, 297 Va. at 743. "Consequently, neither an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Id.* at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). "[M]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review." *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (second alteration in original) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011)).

McReynolds did not argue to the trial court that the evidence was inadmissible because it was double hearsay. Instead, he argued only that the evidence should not be admitted because he had learned of it shortly before trial. Despite his complaint that the evidence was not shared sooner, he did not ask for a continuance to allow him time to investigate the matter. Further, on appeal, McReynolds does not invoke the good cause or ends of justice exceptions to Rule 5A:18 and the Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App.

- 5 -

752, 761 (2003) (en banc). For these reasons, McReynolds failed to preserve this argument for appellate review and, therefore, we do not address it.

Further, McReynolds's sole assignment of error does not complain about the late notice of the evidence and only addresses the double hearsay issue. "Only assignments of error listed in the brief will be noticed by this Court." Rule 5A:20(c)(1). "This Court is limited to reviewing the assignments of error presented by the litigant." *Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017). "[W]e do not consider issues touched upon by the appellant's argument but not encompassed by his assignment of error." *Id.* at 290. Thus, to the extent McReynolds argues on appeal that he was prejudiced by the allegedly late disclosure of the evidence, we do not consider this aspect of his argument. *See* Rule 5A:20(c)(1).

## CONCLUSION

For the foregoing reasons, we find no abuse of discretion with the trial court's admission of the disputed evidence.

*Affirmed*.

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **13th** *day of* **June, 2023**.

Michael Kevin McReynolds, Appellant,

against        Record No. 0623-22-2
Circuit Court No. CR18-F-1729

Commonwealth of Virginia, Appellee.

Upon a Petition for Rehearing

Before Judges Raphael, White and Senior Judge Petty

On March 20, 2023 came appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on March 7, 2023, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the opinion rendered on March 7, 2023 is withdrawn, the mandate entered on that date is vacated, and this appeal will be reconsidered by the panel of judges that originally considered the matter.

A Copy,

Teste:

A. John Vollino, Clerk

By:    *original order signed by a deputy clerk of the*
*Court of Appeals of Virginia at the direction*
*of the Court*

Deputy Clerk

UNPUBLISHED

Present: Judges Raphael, White and Senior Judge Petty

MICHAEL KEVIN MCREYNOLDS

v.     Record No. 0623-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MARCH 7, 2023

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

(Matthew L. Engle; Donovan & Engle, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.


The trial court convicted Michael Kevin McReynolds of second-degree murder.

McReynolds argues that the trial court abused its discretion by "admitting a double hearsay

affidavit" at the sentencing hearing. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). Because McReynolds did not comply with Rule 5A:8 and a

transcript or written statement of facts is indispensable to resolving his appeal, we affirm the trial

court's decision.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On April 28, 2018, Tricia Murphy saw McReynolds scream and curse at Johnny Battle, her 80-year-old, wheelchair-bound neighbor, on Battle's back porch. McReynolds then repeatedly struck Battle. Other neighbors, Morris Everett and Monique Bennett, also saw McReynolds punch and kick Battle. When Murphy yelled at McReynolds, he threatened to harm her. Murphy retreated inside and called 911. Meanwhile, Everett and Bennett ran to Battle's aid and McReynolds threatened them while spewing racial epithets. McReynolds accused Battle of having taken his "damn car" and unsuccessfully tried to start one of Battle's vehicles. Bennett, a certified nurse's assistant, testified that Battle was unconscious and bleeding from his forehead when she reached him. The Commonwealth introduced a video recording depicting part of the violent attack.

When the police arrived, McReynolds initially claimed that he was attempting to help Battle, but Murphy and Everett identified him as the assailant. Richmond Police Officer Wade testified that McReynolds appeared visibly agitated and paced the alley while stating that he "owns the block" and that he "paid taxes, that that was his." When McReynolds refused to cooperate, the police tased him and arrested him.

Medical technicians transported Battle to the hospital, where he died from his injuries. Battle suffered abrasions on his face, arms, back, and legs. He had fractures in his neck and ribs which caused internal bleeding and deprived his brain of oxygen. The medical examiner reviewed the video of the beating and concluded that McReynolds inflicted the injuries while Battle was alive and that Battle's injuries were consistent with being kicked and punched as recorded in the video. Battle died after he suffered a heart attack caused by the blunt force trauma.

The trial court found, based on the video and testimonial evidence, that the beating was "brutal" and "one of the more horrific things the [c]ourt has seen." The trial court held that there was "a clear showing of malice" and that McReynolds's actions were based on "hatred." The trial court convicted McReynolds of second-degree murder.

On appeal, McReynolds alleges that at sentencing the Commonwealth introduced documents related to his 2003 conviction in Vermont for a hate crime. The trial court sentenced McReynolds to 40 years of incarceration with 12 years suspended. The trial court explained that it departed upward from the guidelines[1] "[b]ecause of the very violent nature of the attack, stomping an 80 year old victim in a wheelchair for no reason." McReynolds appeals.

ANALYSIS

McReynolds argues that the documents introduced at sentencing "contained many allegations that were not corroborated" and contained "double hearsay."

Rule 5A:8 requires an appellant to file a timely transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c) (stating that a transcript or written statements of facts is only part of the record when it is *timely* filed). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to

---

[1] The sentencing guidelines provided a range of 15 years and 9 months to 26 years and 4 months.

make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

The trial court entered the final order on August 14, 2019. On March 24, 2022, the Supreme Court of Virginia held that McReynolds "was denied his right to appeal" to this Court, granted him "leave to file a notice of appeal," and "ordered that all computations of time as required . . . shall commence on the date of entry of [the] order," or from the date of entry of a circuit court order appointing counsel, "whichever date shall be later." The trial court did not appoint counsel,[2] thus, under Rule 5A:8, the transcripts were due within 60 days of the entry of the Supreme Court order, or May 23, 2022. *See* Rule 5A:8. McReynolds filed all but one transcript late. Notably, the transcript for his sentencing hearing was not filed until June 21, 2022, and thus was not timely. Further, McReynolds did not move for an extension of time to file his transcripts or a statement of facts in lieu of a transcript. *See* Rule 5A:3(c).

Because the record does not include a timely filed transcript or a written statement of facts in lieu of a transcript pertaining to the sentencing hearing, we must consider whether one is indispensable to a determination of the assignment of error on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529. Here, without a transcript or a written statement of facts, we cannot determine that McReynolds preserved the issue for appeal, nor can we assess the merit of his contention that the court improperly admitted the documents at his sentencing hearing. Thus, we conclude that a transcript or a written statement of facts in lieu of a transcript is indispensable to permit this Court to resolve the issue raised. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). As McReynolds failed to provide a timely filed transcript or a written statement of facts in

---

[2] Appellate counsel was privately retained.

- 4 -

lieu of a transcript necessary to resolve his assignment of error, we will not consider it. Rule 5A:8(b)(4)(ii).

CONCLUSION

For these reasons, the trial court's decision is affirmed.

*Affirmed*.