UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, AtLee and Malveaux
Argued by videoconference


KEMARI JAYSHAWN BOOKER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0627-23-2                      JUDGE RANDOLPH A. BEALES
                                                    JULY 23, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

Gregory R. Sheldon (Bain-Sheldon, PLC, on brief), for appellant.

J. Brady Hess, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, the Circuit Court of Amelia County convicted Kemari Jayshawn

Booker of felony destruction of property and misdemeanor destruction of property, in violation of

Code § 18.2-137.  On appeal, Booker challenges the sufficiency of the evidence to sustain both of

his convictions.

## I.  BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, [as] the prevailing party at trial."  *Gerald v.

Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381

(2016)).  "This principle requires us to 'discard the evidence of the accused in conflict with that of

the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

Kaylee Clark testified at trial that on January 27, 2022, Booker came to her home in Amelia Courthouse. Clark recalled, "When he [Booker] showed up he got dropped off. We started verbally arguing and before it could escalate I left the premises." She noted that "[t]here was one corner shelf flipped over when I left the premises," but she maintained that her home was otherwise in good condition at that time. Clark testified that she left her home "[i]n a rush" without locking it, and she stated that she left behind her cell phone. According to Clark, she quickly left her home because she felt threatened, particularly given that some of her past arguments with Booker had become physical. Clark noted that she was gone "[j]ust long enough to get to my aunt's house. I would say 45 minutes to an hour."

When Clark returned to her home, she found it in disarray, and she noticed that Booker was no longer there. She discovered that her television had been broken, that two windows had been damaged, that there was a hole in the wall, and that her grandmother's china cabinet — and its contents — had been destroyed. She estimated the value of her television at approximately $200. She also noticed that her cell phone was missing, which she never recovered despite its having the "Find my iPhone" application installed on it. Clark stated that she had left Booker alone in her home and that Booker was the only other person who had been there that day, but she had not personally seen him take anything. At trial, the Commonwealth introduced several photographs of the damage, which were admitted into evidence without objection.

Clark's mother, Emily Hannon, testified that she lived in the home with her daughter but was not there on the day of the incident. Hannon stated that her house was in good condition before the incident. She estimated the value of the broken china cabinet and its contents at approximately

$800, and she estimated the repair costs for the windows, walls, and everything else to be over $500.  At the time of the trial, Hannon confirmed that she had already paid $200 for repairs.

At the close of the Commonwealth's case, Booker's counsel moved to strike, arguing that Clark's testimony — that she left the home unsecured for 45 minutes to an hour and that she did not find Booker inside when she returned — failed to establish that Booker committed either of the destruction of property offenses.  Booker's counsel further argued that no evidence placed Clark's cell phone in Booker's possession, and he emphasized that even though Clark had the "Find My iPhone" application installed on her cell phone, the phone was never found.  The trial court denied Booker's motion to strike.

Booker did not present evidence at trial, and his counsel renewed his motion to strike. Booker's counsel argued that while the facts may be suspicious, they did not rise to the level of proof beyond a reasonable doubt.  Booker's counsel highlighted the circumstantial nature of the case, and he noted that the Commonwealth had produced no evidence that Booker ever possessed Clark's cell phone or that anyone had witnessed Booker flee the home.

Prior to ruling on Booker's renewed motion to strike, the trial judge stated, "Well, considering the fact that Mr. Booker was the only person in the house and Ms. Clark was not gone long, it would seem almost impossible for any third party to come in and just trash the house the way that it was trashed."  The trial court determined, "It would be logical that Mr. Booker is the one who did the damage."  However, the trial court agreed with Booker's counsel that Clark never recovered her cell phone and that no evidence established that Booker was ever in possession of the phone.  The trial court subsequently dismissed the larceny charge, but it convicted Booker of both destruction of property offenses.[1]  Booker appeals.

---

[1] Booker was also charged with one count of threatening to burn a place of assembly and one count of possessing or transporting a firearm after having been adjudicated a delinquent as a

## II. ANALYSIS

On appeal to this Court, Booker argues, "The trial court erred by finding that the Commonwealth proved Booker's identity as the perpetrator of the vandalism offenses beyond a reasonable doubt, while acquitting him of a larceny offense committed at the same time."[2]

The Supreme Court has often stated, "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is "plainly wrong or without evidence to support it."'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Pijor*, 294 Va. at 512). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009))

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). As with any element of an offense, identity may be proved by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). As the Supreme Court has explained, "There is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005). "Circumstantial evidence is not viewed in isolation. While no single piece of evidence may be

---

juvenile, both of which stemmed from a separate matter and were dismissed at the trial on a motion to strike. These unrelated charges are not at issue in this appeal.

[2] Booker does not challenge the sufficiency of the evidence to establish any other element of either destruction of property charge. Therefore, we limit our review to the issue of identity.

sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." *Id.* (citing *Commonwealth v. Hudson*, 265 Va. 505, 514, *cert. denied*, 540 U.S. 972 (2003)).

The record before this Court contains ample evidence identifying Booker as the perpetrator. Clark testified that she left Booker alone in her home after an argument. When Clark returned to her home within the span of no more than an hour, she discovered that significant damage had been done to her television, a window, a wall, and a china cabinet. Based on Clark's testimony and the photographs admitted into evidence, the trial court determined, "Well, considering the fact that Mr. Booker was the only person in the house and Ms. Clark was not gone long, it would seem almost impossible for any third party to come in and just trash the house the way that it was trashed." Given that Booker was upset and alone in Clark's home, the trial court concluded, "It would be logical that Mr. Booker is the one who did the damage."

The evidence demonstrated that Booker "had motive, opportunity, and means, and the circumstantial evidence 'pointed to [him] as the perpetrator beyond a reasonable doubt.'" *Hodges v. Commonwealth*, 45 Va. App. 735, 785 (2005) (quoting *Cantrell v. Commonwealth*, 229 Va. 387, 398 (1985)). The trial court, as fact finder, was entitled to "'draw reasonable inferences from basic facts to ultimate facts,' and those inferences cannot be upended on appeal unless we deem them 'so attenuated that they push into the realm of *non sequitur*.'" *Commonwealth v. Perkins*, 295 Va. 323, 332 (2018) (quoting *Bowman v. Commonwealth*, 290 Va. 492, 500 (2015)). Therefore, we certainly cannot say that no rational fact finder could have found that Booker committed the destruction of property offenses in Clark's home and then left the home before Clark returned.

To the extent that Booker argues on appeal that the trial court issued inconsistent verdicts by convicting him of the destruction of property offenses but by dismissing the petit larceny charge, Booker's counsel acknowledged at oral argument before this Court that he did not make this

argument to the trial court and that he has not invoked the good cause or ends of justice exceptions to Rule 5A:18. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both specific and timely — so that that trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009); *Crawford v. Commonwealth*, 35 Va. App. 438, 439 (2001). Therefore, given that Booker failed to make this specific objection to the trial court regarding allegedly inconsistent verdicts, we cannot reach this argument on appeal.[3]

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment, and we uphold Booker's convictions.

*Affirmed*.

---

[3] Even if Booker had preserved this argument, "'the essential elements' of the offenses are not 'identical.'" *Meade v. Commonwealth*, 74 Va. App. 796, 810 (2022) (quoting *Wandemberg v. Commonwealth*, 70 Va. App. 124, 139 (2019)). A violation of Code § 18.2-96 (petit larceny) requires "the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." *Traish v. Commonwealth*, 36 Va. App. 114, 135 (2001) (quoting *Bright v. Commonwealth*, 4 Va. App. 248, 251 (1987)). On the other hand, a person violates Code § 18.2-137(B) (destruction of property) by intentionally destroying, defacing, damaging, or removing without the intent to steal any property, real or personal, not his own. In short, a conviction for petit larceny requires an intent to steal that is simply not required for a conviction for destruction of property. Consequently, there is nothing inherently inconsistent about verdicts that acquit a person of petit larceny but convict him of destruction of property. *See Meade*, 74 Va. App. at 812.